FILED

JUN 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN MICHAEL BRAY, | No. 14-35011 |
| Petitioner - Appellant, | D.C. No. 6:03-cv-01762-TC |
| v. | District of Oregon, Eugene |
| JEFF PREMO, Superintendent, | |
| Respondent - Appellee. | ORDER |

Before: PAEZ and IKUTA, Circuit Judges and SELNA,[*] District Judge.

Page 5 of the Memorandum, filed on March 30, 2015, is amended as follows: Change <initial state postconviction petition> to <amended state postconviction petition> and delete the sentence <As the record reflects, Bray raised this claim for the first time in his postconviction appeal to the state court of appeals.>. An amended Memorandum is filed concurrently with this order.

The panel has voted to deny Bray's petition for panel rehearing. Accordingly, the petition for panel rehearing is DENIED. No further petitions for rehearing may be filed.

---

[*] The Honorable James V. Selna, District Judge for the U.S. District Court for the Central District of California, sitting by designation.


**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN MICHAEL BRAY,

              Petitioner - Appellant,

  v.

JEFF PREMO, Superintendent,

              Respondent - Appellee.

No. 14-35011

D.C. No. 6:03-cv-01762-TC

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted March 6, 2015
Portland Oregon

Before: PAEZ and IKUTA, Circuit Judges and SELNA,[**] District Judge.

    John Michael Bray appeals the district court's denial of his 28 U.S.C. § 2254

habeas petition challenging his conviction for two counts of aggravated murder,

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable James V. Selna, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

two counts of murder, and three counts of kidnapping. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

**1.** Bray argues that the state postconviction court's denial of his claim that trial counsel were ineffective in investigating a testifying codefendant's plea agreement was unreasonable. *See* § 2254(d); *Strickland v. Washington*, 466 U.S. 668, 687–96 (1984); *Davis v. Alaska*, 415 U.S. 308, 318 (1974). This argument is without merit. Trial counsel used a transcript from a September 3, 1992 meeting between the prosecution and the codefendant in cross-examining the codefendant about his plea agreement and his understanding of it. The state postconviction court's conclusion that trial counsel did not perform deficiently in not also obtaining a letter from the codefendant's attorney about his plea agreement did not involve an unreasonable application of clearly established Supreme Court law. *See* § 2254(d)(1).

**2.** Bray argues that the state postconviction court unreasonably rejected his claim that trial counsel were ineffective during the prosecutor's questioning of Bray and his codefendant about Bray's alleged sexual misconduct with others and with the codefendant. We disagree. During Bray's testimony about his alleged misconduct with others, trial counsel recognized the potentially prejudicial effect of the prosecutor's questions, decided not to object to avoid drawing the jury's

2

attention to the questions, and successfully argued against the prosecutor referring to impermissible inferences during closing argument. The state postconviction court was not unreasonable in determining that trial counsel made a reasonable strategic decision. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011); *Strickland*, 466 U.S. at 690–91. During the codefendant's testimony about Bray's alleged misconduct with others and with the codefendant, trial counsel did not object on the basis of Oregon Rules of Evidence 404(3) or 403. Yet trial counsel successfully raised a hearsay objection to prevent the codefendant from testifying about others' allegations about Bray. And although trial counsel objected unsuccessfully and only on relevancy grounds when the codefendant testified about his own sexual contacts with Bray, this testimony related to evidence that Bray had exercised control over the codefendant at the time of the murder. The state postconviction court therefore was not unreasonable in determining that trial counsel reasonably concluded that any further objections would be unsuccessful. On this record, Bray fails to show that the state postconviction court's conclusion on deficiency was unreasonable under clearly established Supreme Court law. *See* § 2254(d); *Strickland*, 466 U.S. at 690–91.

**3.** Bray argues that the state postconviction court unreasonably denied his claim that trial counsel were ineffective in presenting Bray's military records

3

during the penalty phase of the trial, but not the guilt phase. Bray's military records demonstrate his prior military service and honors. Yet, during the guilt phase, his codefendant testified about how Bray had cited his military background to intimidate the codefendant. Bray fails to show how the records could have rebutted that testimony or demonstrated Bray's psychological state at the time of the murder. Thus, Bray fails to show that the state postconviction court's decision on *Strickland*'s prejudice prong involved an unreasonable application of clearly established Supreme Court law. *See* § 2254(d); *Strickland*, 466 U.S. at 691–96.

**4.** Bray argues that the state postconviction court was unreasonable in denying his claim that trial counsel were ineffective in failing to investigate penalty phase fingerprint and other evidence linking Bray to a location containing large amounts of illegal substances. Yet trial counsel consulted with two experts during the penalty phase about whether Bray could rebut the relevant evidence. And trial counsel cross-examined a witness to elicit statements indicating that two men other than Bray had been associated with the location. Given trial counsel's actions and the evidence in the record, Bray fails to show that the state postconviction court unreasonably determined that Bray failed to show any prejudice. *See* § 2254(d); *Strickland*, 466 U.S. at 691–96.

4

**5.a.** Bray also argues that he suffered prejudice from trial counsel's inadequate investigation of the fingerprint evidence before Bray rejected a pretrial plea offer. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1384–85 (2012). The State has argued that this claim is a "new" claim on federal habeas review because Bray did not refer to the plea offer in his ineffective assistance of trial counsel claims in his amended state postconviction petition. *See Dickens v. Ryan*, 740 F.3d 1302, 1317–19 (9th Cir. 2014).

**5.b.** The district court agreed with the State and rejected this claim. It first assumed without deciding that Bray's argument was procedurally barred under state law and that Bray could overcome the bar under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The court then addressed the merits of Bray's underlying claim that trial counsel were ineffective in plea negotiations with the prosecutors. The court concluded that on this record Bray cannot demonstrate prejudice resulting from trial counsel's performance relating to the pretrial plea offer. As noted by the district court, Bray testified at his state postconviction deposition that had he known of the fingerprint evidence before trial he would have "seriously considered [the plea offer] a lot more." He also stated, however, that "the only reason [he] wouldn't take the deal [wa]s because [the prosecutor] wanted [him] to take the deal for murder and [he] wouldn't agree to a murder charge." Other than these general

5

statements, Bray failed to provide information about the timing or substance of plea negotiations. Thus, we conclude that Bray cannot meet the first requirement of the *Lafler* analysis, *see Lafler*, 132 S. Ct. at 1384–85, and affirm the district court's denial of this claim.[1]

**6.** In addition to the certified issues, Bray seeks certificates of appealability regarding two due process claims. *See* 9th Cir. R. 22-1(e). Because we conclude that Bray has failed to make a "substantial showing of the denial of a constitutional right," we decline to expand the certificate of appealability. *See* § 2253(c)(2). *Cf. Campbell v. Rice*, 408 F.3d 1166, 1169 (9th Cir. 2005).

**AFFIRMED.**

---

[1] We also reject Bray's claim of prejudice at the guilt phase resulting from the cumulative impact of trial counsel's alleged deficiencies. *Cf. Harris By & Through Ramseyer v. Wood*, 64 F.3d 1432, 1438 (9th Cir. 1995).